IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. HALLER,

    Petitioner,                          No. CIV S-10-3446 DAD P

    vs.

WARDEN BITER,

    Respondent.                      ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion for a stay and abeyance. In accordance with the court's February 8, 2011 order, petitioner has filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

        On December 15, 2010, petitioner filed a petition for writ of habeas corpus, challenging a judgment of conviction originally entered against him in 2007 by the Shasta County Superior Court. Petitioner asserts four grounds for relief in his petition: (1) the trial court

1

erred in denying him the right to present evidence at sentencing, (2) his sentence of seventy-eight years to life in state prison constitutes cruel and unusual punishment, (3) the trial court abused its discretion when it refused to strike one of his prior convictions at the time of sentencing, and (4) the trial court abused its discretion when it imposed consecutive sentences.  (Pet. at 5-6.)

Petitioner also filed a motion for a stay and abeyance.  Therein, he contends that he would like to stay this action to pursue four additional claims for habeas relief in state court regarding: (1) the illegal use of a prior conviction, (2) the testimony of a star witness, (3) the imposition of a restitution fine, and (4) the ineffective assistance of counsel.  Petitioner acknowledges that the California Supreme Court denied his petition for review on September 23, 2009, so that the one-year statute of limitations for the filing of a federal habeas petition began running ninety days thereafter on December 22, 2009, and expired one year later on December 21, 2010.  (Mot. for Stay & Abey. at 3.)

## STAY AND ABEYANCE PROCEDURES

The United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief.  See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).  First, the Ninth Circuit explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).  Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135.  A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely.  If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition.  In this

regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay. See King, 564 F.3d at 1140-41. See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

      As the Ninth Circuit explained in King, the United States Supreme Court has authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them. See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ("Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims."). A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his petition. See King, 564 F.3d at 1140. However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

## DISCUSSION

      Petitioner's motion does not sufficiently establish that the court should exercise its discretion to stay this action to allow petitioner to pursue his unexhausted claims in state court. Accordingly, the court will deny the pending motion without prejudice to the filing of a renewed

1  motion.  As an initial matter, in any renewed motion for a stay and abeyance, petitioner must
2  clarify whether he is seeking a stay pursuant to the Kelly procedure or the Rhines procedure.  If
3  petitioner wishes to proceed under Kelly procedure, he should state so clearly in any renewed
4  motion he elects to file.  On the other hand, if petitioner wishes to proceed under the Rhines
5  procedure, he must provide the court with sufficient facts and information to satisfy the Rhines
6  requirements described above.  Specifically, petitioner must show good cause for his failure to
7  exhaust all claims before filing this action, demonstrate why each of his unexhausted claims is
8  potentially meritorious, describe the status of any state court proceedings on the unexhausted
9  claims, and demonstrate that he has acted diligently in pursuing his unexhausted claims.  See
10 Taylor, 134 F.3d at 987 n. 8 & n. 11 (failure to show diligence in pursuing claims may foreclose
11 the granting of a stay).

          In addition, if petitioner elects to file a renewed motion for a stay and abeyance,
he must explain how any newly-exhausted claims would be timely filed in this action.  As
petitioner acknowledges in his motion, the statute of limitations for filing a federal habeas
petition began running on December 22, 2009, ninety days after the California Supreme Court
denied review, and expired one year later on December 21, 2010.  See Summers v. Schriro, 481
F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Under
the mailbox rule, petitioner appears to have timely filed his currently-pending federal petition on
December 15, 2010.  However, the applicable statute of limitations has since expired, and
petitioner's original petition contains only exhausted claims.  If this court were to grant petitioner
a stay under the Kelly or the Rhines procedure, he would need to file an amended petition at
some point to include the claims he now seeks to exhaust in state court.

          An application for a writ of habeas corpus "may be amended or supplemented as
provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242.  See also
Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure
may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not

4

inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings).

Under Rule 15(c) of the Federal Rules of Civil Procedure, a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. See Mayle v. Felix, 545 U.S. 644 (2005). In Mayle, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Id. at 655. The Court observed that the complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground. Id. Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659. See also Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (admission of evidence during a trial and the instructions given to the jury after the close of evidence are two discrete occurrences that do not share a common core of operative fact).

In this case, it is not at all clear from petitioner's motion for stay and abeyance whether any of the claims he now seeks to exhaust would relate back to the claims in his original petition. For example, petitioner seeks to exhaust an ineffective assistance of counsel claim. However, nowhere in his original federal petition does he assert an ineffective assistance of counsel claim. In this regard, any newly-exhausted ineffective assistance of counsel claim would appear to be time-barred. See Mayle, 545 U.S. at 656 (amended claim must arise from the same "conduct, transaction, or occurrence" as original claim to relate back). See also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation

back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.").

      For the reasons discussed above, the court will grant petitioner thirty days leave to file a renewed motion for a stay and abeyance.  If he elects to do so, he must clarify whether he wishes to proceed under the Kelly procedure or the Rhines procedure.  In addition, petitioner must explain how any of the claims he now seeks to exhaust would be timely in this action.  Alternatively, if petitioner no longer wishes to pursue a stay of this action in light of the discussion above, he may file a notice with the court stating as much, and the court will allow the case to proceed on his original federal petition.

**CONCLUSION**

      Accordingly, IT IS HEREBY ORDERED that:

      1. Petitioner's March 7, 2011 application to proceed in forma pauperis (Doc. No. 6) is granted;

      2. Petitioner's March 16, 2011 application to proceed in forma pauperis (Doc. No. 7) is denied as unnecessary;

      3. Petitioner's December 27, 2010 motion for a stay and abeyance (Doc. No. 2) is denied without prejudice; and

      4. Within thirty days of the date of service of this order, petitioner shall file either:

      (a) a renewed motion for a stay and abeyance clarifying whether he wishes to proceed under the Kelly procedure or the Rhines procedure and explaining how any of the claims he now seeks to exhaust would be timely; or

/////

/////

(b) a notice to the court indicating that he no longer wishes to pursue a stay of this action and instead wishes proceed on his original petition.

DATED: March 22, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hall3446.msty