IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES D. HALLER,

    Petitioner,                        No. CIV S-10-3446 DAD P

    vs.

WARDEN BITER,                    ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's renewed motion for a stay and abeyance.[1]

**BACKGROUND**

        On December 15, 2010, petitioner commenced this action by filing a petition for writ of habeas corpus, challenging a judgment of conviction originally entered against him in 2007 by the Shasta County Superior Court. Therein, petitioner asserts four grounds for relief: (1) the trial court erred in denying him the right to present evidence at sentencing, (2) his sentence of

---

[1] On April 29, 2011, petitioner filed a motion for a sixty-day extension of time to file his renewed motion for a stay and abeyance. Several days later, he timely filed his renewed motion under the mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988). Accordingly, the court will deny petitioner's motion for an extension of time as unnecessary.

seventy-eight years to life in state prison constitutes cruel and unusual punishment, (3) the trial court abused its discretion when it refused to strike one of his prior convictions at the time of sentencing, and (4) the trial court abused its discretion when it imposed consecutive sentences. (Pet. at 5-6.)

At the time petitioner commenced this action, he also filed a motion for a stay and abeyance. Therein, he informed the court that he wished to stay this action to pursue four additional claims for habeas corpus relief in state court. Upon review of the motion, however, the court determined that petitioner had not established that the court should exercise its discretion to stay this action. The court denied petitioner's motion without prejudice to the filing of a renewed motion and instructed petitioner that he would be required to clarify whether he was seeking a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) or Rhines v. Weber, 544 U.S. 269, 277 (2005). See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009).

The court also instructed petitioner that, in any renewed motion for a stay and abeyance, he would need to explain how any newly-exhausted claims would be timely filed in this action. Petitioner acknowledged in his motion that the statute of limitations for filing a federal habeas petition began running on December 22, 2009, ninety days after the California Supreme Court denied review, and expired one year later on December 21, 2010. See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Under the mailbox rule, petitioner appears to have timely filed his currently-pending federal petition on December 15, 2010. However, the applicable statute of limitations has since expired, and petitioner's original petition contains only his exhausted claims. If this court were to grant petitioner a stay under the Kelly or the Rhines procedure, he would be required to file an amended petition at some point to include the unexhausted claims he now seeks to exhaust in state court.

As noted above, petitioner has filed a renewed motion for a stay and abeyance. Therein, he clarifies that he is seeking a stay pursuant to Rhines. He also explains that he wishes

to pursue the following four claims in state court: (1) ineffective assistance of counsel ("IAC") at trial and on appeal in connection with his plea agreement; (2) IAC because his counsel failed to investigate star witnesses; (3) IAC because his counsel failed to defend him at sentencing; and (4) IAC at trial and on appeal because his counsels' representation was so deficient that it resulted in an unfair outcome of his proceedings.  (Renewed Mot. for Stay & Abey. at 4-6.)

**DISCUSSION**

The United States Supreme Court has affirmed the district court's discretion to stay a federal habeas proceeding to allow a petitioner to present unexhausted claims to the state court where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition.  See Rhines, 544 U.S. at 277.  However, a "stay and abeyance should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  District courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless.  Id. at 278.

Here, there is not good cause to stay these proceedings.  As petitioner has acknowledged, the statute of limitations for filing a federal habeas petition began running on December 22, 2009, ninety days after the California Supreme Court denied review, and expired one year later on December 21, 2010.  See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Under the mailbox rule, petitioner appears to have timely filed his currently-pending federal habeas petition on December 15, 2010.  However, the applicable statute of limitations has since expired, and petitioner's original petition contains only his exhausted claims.[2]  If this court were to grant petitioner a stay

/////

---

[2]  Unfortunately for him, petitioner did not include his unexhausted claims in his federal habeas petition timely filed with this court.  If he had, a stay under the Rhines procedure would likely have allowed this court to consider those claims as timely following state exhaustion.

3

under the Rhines procedure, he would be required to file an amended federal habeas petition at some point to include the unexhausted claims he now seeks to exhaust in state court.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure are applicable to habeas corpus proceedings). Under Rule 15(c) of the Federal Rules of Civil Procedure, a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. See Mayle v. Felix, 545 U.S. 644 (2005).

In Mayle, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Id. at 655. The Court observed that the complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground. Id. Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659. See also Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (admission of evidence during a trial and the instructions given to the jury after the close of evidence are two discrete occurrences that do not share a common core of operative fact).

In this case, none of the IAC claims petitioner now seeks to exhaust in state court would relate back to the claims in his original federal petition. Thus, any newly-exhausted IAC claims would be time-barred in this action. See Mayle, 545 U.S. at 656 (amended claim must

arise from the same "conduct, transaction, or occurrence" as original claim to relate back).  See also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance.").

Accordingly, there is not good cause to stay this action under Rhines, and the court will recommend that petitioner's renewed motion for a stay and abeyance be denied.

**CONCLUSION**

IT IS HEREBY ORDERED:

1. Petitioner's motion for an extension of time (Doc. No. 9) is denied as unnecessary; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's renewed motion for a stay and abeyance (Doc. No. 10) be denied; and

2. This matter be referred back to the undersigned for further proceedings on petitioner's original petition for writ of habeas corpus.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the

/////

/////

/////

5

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
hall3446.styd